## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Lazaro DeJesus            :
422 Reynolds Ave.       :
Lancaster, PA 19602     :    NO.: 5:16-cv-04745
                    :

           Plaintiff,   :

   v.              :

State Parole Agent Paul Wehrman,  :
Individually         :
1101 South Front Street, Suite 5950  :
Harrisburg, PA  17104    :
                    :

     And          :
                    :

State Parole Agent Craig Barrett,   :
Individually         :
1101 South Front Street, Suite 5950  :
Harrisburg, PA  17104    :
                    :

     And          :    **JURY OF TWELVE (12) DEMANDED**
                    :

State Parole Agent Chris Crawford,  :
Individually         :
1101 South Front Street, Suite 5950  :
Harrisburg, PA  17104    :
                    :

     And          :
                    :

State Parole Agent Hoffman,    :
Individually         :
1101 South Front Street, Suite 5950  :
Harrisburg, PA  17104    :
                    :

     And          :
                    :

Detective Todd Grager,     :
Individually and in his Official Capacity as a:
Detective with the       :
Lancaster County Drug Task Force d/b/a  :
d/b/a County of Lancaster   :
150 N Queen St.       :
Lancaster, PA 17603     :
                    :

And                                          :
                                             :
Lancaster County Drug Task Force             :
d/b/a County of Lancaster                    :
150 N Queen St.                              :
Lancaster, PA 17603                          :
                                             :
       And                                   :
                                             :
County of Lancaster                          :
150 N Queen St.                              :
Lancaster, PA 17603                          :
                                             :
       And                                   :
                                             :
John Does                                    :
                                             :
                     Defendants.   :

---

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I.    JURISDICTION AND VENUE

1.      Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

2.      Venue lies in this district in that the events giving rise to this claim occurred here, at least one Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject this action is situated within this district.

### II.    PARTIES

3.      Plaintiff, Lazaro DeJesus, is an adult individual currently residing at the above captioned address.

4.      Defendant, Paul Wehrman, is an adult individual and a State Parole Agent with the Pennsylvania Board of Probation and Parole, with offices located at the above captioned address.

5.      Defendant, Craig Barrett, is an adult individual and a State Parole Agent with the Pennsylvania Board of Probation and Parole, with offices located at the above captioned address.

6.      Defendant, Chris Crawford, is an adult individual and a State Parole Agent with the Pennsylvania Board of Probation and Parole, with offices located at the above captioned address.

7.      Defendant, Hoffman, is an adult individual and a State Parole Agent with the Pennsylvania Board of Probation and Parole, with offices located at the above captioned address.

8.      Defendant, Todd Granger, is an adult individual and a Detective with the Lancaster County Drug Task Force, which is an investigative force authorized and overseen by the County of Lancaster, with offices located at the above captioned address. Plaintiff is asserting a civil rights claim against all Defendants.  Upon information and belief, jurisdiction is proper in this venue because Defendant is believed to have carried on regular, continuous, and substantial business in Lancaster County.

9.      Defendants, John Does, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties is incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiff hereunder.

### III.   OPERATIVE FACTS

10.     Plaintiff was released on parole on or about October 4, 2011. Among the terms of his parole, Plaintiff consented to the search of *his* person, property, and residence without a warrant by agents of the Pennsylvania Board of Probation and Parole.

11.     Plaintiff's approved residence of record was 443 West Orange Street. Apartment 2 in Lancaster, PA ("Approved Residence"). At all relevant times, Plaintiff in fact lived and resided at his Approved Residence.

12.     On or about January 14, 2013, Defendant, State Parole Agent Chris Crawford, received an anonymous tip via a phone call, which was inherently unreliable. The anonymous person stated that Plaintiff: (1) was living at 530 N. Plum Street, Apartment 9 in Lancaster, PA ("Plum Street Apartment") with his girlfriend; (2) was selling drugs from this apartment; and (3) possessed a gun in this apartment. The call lasted for five minutes and the person refused to provide their name or how he/she obtained the information.

13.     After receiving the phone call, Crawford immediately assigned a surveillance team to surveil the Plum Street Apartment.  The team spent the entire day surveilling the apartment, but never saw Plaintiff at this address. After spending the day there, the team was assigned elsewhere and did not investigate further.

14.     Also following the phone call, Crawford contacted Defendant, State Parole Agent Paul Wehrman, who was Plaintiff's supervising parole agent at the time, and informed him of the anonymous and unreliable tip.

15.     At this time, Wehrman knew that Plaintiff's Approved Residence was not the Plum Street Apartment. Wehrman also knew that he did not have any supervisory problems with Plaintiff during the sixteen months he was on parole. However, Wehrman failed to contact the Plaintiff or visit and search the Approved Residence. In fact, Wehrman failed to even contact the resident living in the Plum Street Apartment or the landlord of the Plum Street Apartment where the alleged drug dealing was allegedly occurring.

16.     Instead, Wehrman sought supervisory approval to search Plaintiff at a non-approved residence – the Plum Street Apartment – along with his property and "anything else that they would feel, based on that information received, during the course of that search that would lead them to a next step." (Exhibit A – Judge Wright's Opinion, *citing* N.T. Suppression Hearing at 10:3-19, 20:11-25).

17.     After receiving supervisory approval, Defendants Crawford, Barrett, Wehrman, and Hoffman proceed to the Plum Street Apartment for a search. After waiting some period of time, the Defendant Agents saw Plaintiff park his car, exit the car, and walk towards the Plum Street Apartment.

18.     Plaintiff had recently finished his shift at work and was going to his girlfriend's apartment – the Plum Street Apartment - to watch her children and help with the chores. Plaintiff's girlfriend was Sikia Miranda.

19.     Instead, Plaintiff was rushed by the four Defendant Agents with guns drawn, was pushed to the ground, and handcuffed in public. This occurred despite Defendant Wehrman's knowledge that there had been no supervisory problems during the sixteen months Plaintiff was on parole.

20.     After being "patted down", the Defendant Agents berated him, asking "why did you move" and "don't you know you have to tell us you moved." However, Plaintiff appropriately and truthfully denied that he moved and provided his current address, which was the Approved Residence.

21.     Despite Plaintiff's truthful denials, the Defendant Agents kept Plaintiff handcuffed on the sidewalk in public in front of neighbors and friends while they searched Plaintiff's person and car.

22.     The Defendant Agents did not find any contraband, weapons, illegal drugs, illegal drug paraphernalia, suspicious money, burner phones, or any evidence on Plaintiff's person or in his car to suggest that Plaintiff was violating his parole.

23.     Defendant Agents received authorization to search Plaintiff's person and property, i.e. his Approved Residence or vehicle. Defendant Agents also received authorization to follow any new information received, i.e. to search "anything else that they would feel, *based on that information received, during the course of that search* that would lead them to a next step." (Exhibit A – Judge Wright's Opinion, *citing* N.T. Suppression Hearing at 10:3-19, 20:11-25) (emphasis added).

24.     Despite not finding any evidence that Plaintiff violated his parole, the Defendant Agents were not satisfied. Instead of appropriately concluding their search, the Defendant Agents decided that they would search the Plum Street Apartment despite the knowledge that it was not Plaintiff's residence and despite the knowledge that they did not have a warrant for the Plum Street Apartment.

25.     Despite not finding any contraband on Plaintiff, Defendant Agents took possession of Plaintiff's spare key to the Plum Street Apartment. At this time, Plaintiff asked them why they were searching the Plum Street Apartment rather than his apartment – the Approved Residence. In response, Wehrman falsely stated "you don't live there" despite failing to search the Approved Residence to determine whether Plaintiff lived there.

26.     Defendant Agents then entered and searched the apartment without permission from Plaintiff, the owner of the apartment, or the resident of the apartment. Ms. Miranda, the resident of the apartment, was not home at this time, nor did the Defendant Agents ever attempt to contact her to gain permission to search her residence.

27.    After entering the apartment, Defendant Agents sat Plaintiff in the living room while they ravaged the apartment searching for drugs or other contraband. In fact, Defendant Agents even unlocked a safe in the apartment using a key on Plaintiff's key ring. Upon finding what appeared to be an illegal substance, Defendant Agents contacted Detective Granger of the Lancaster County Drug Task Force.

28.    When Detective Granger arrived, he asked permission to enter the apartment from Plaintiff. However, Plaintiff reiterated that the Plum Street Apartment was not his and he could not give permission. Detective Granger then asked permission of Miranda to enter apartment; who denied Detective Granger consent to enter without a warrant. Detective Granger ignored Miranda and entered the apartment without a warrant or consent.

29.    Detective Granger told Plaintiff and Miranda to sign a consent form to allow Granger to search the apartment. Plaintiff reiterated that the Plum Street Apartment was not his and he could not give permission. Miranda again denied consent. However, Detective Granger then stated, "I can either go get a warrant and then destroy this apartment or you can give me permission now and I will only perform a normal search." Due to Detective Granger's coercion of Miranda, Miranda, under pressure that her property would be destroyed, involuntarily consented to the search. But for Detective Granger's coercion, coupled with the close proximity of multiple state actors in her home illegally, Miranda would not have consented to the search of her home.

30.    Detective Granger took possession of the alleged illegal substance and arrested Plaintiff. Plaintiff was charged with (1) two counts of Manufacture, Delivery, or Possession With Intent to Deliver; and, (2) Use/Possession of Drug Paraphernalia.

31.    On October 22, 2014, the Honorable Jeffrey D. Wright issued an opinion stating the alleged evidence found at the Plum Street Apartment was obtained in violation of Plaintiff's

federal and state constitutional rights. The opinion further stated that the Defendant Agents had

"no reasonable suspicion of a parole violation to support the search of the Plum Street

Apartment." *See* Exhibit A, at pages 17-18.

32.     In or about October 2014, following Judge Wright's Opinion, Defendant Wehrman

demonstrated his deliberate indifference by telling Plaintiff, "Oh, I knew you would get away

with it if you fought it all the way."

33.     At all relevant times, Detective Todd Grager was acting in his official capacity and

within the course and scope of his employment, and under color of state law.

34.     At all relevant times, the Defendant Agents were acting in their individual capacity,

though they wrongly clothed themselves in color of state law.

35.     Defendant Agents and Detective Todd Grager, acting in concert and conspiracy,

participated in an unconstitutional and illegal search of the Plum Street Apartment.

36.     At all relevant times, Defendants, Lancaster County Drug Task Force and the County of

Lancaster was charged with the responsibility and duty of testing, hiring, training, and

supervising its employees. However, Defendants, Lancaster County Drug Task Force and the

County of Lancaster, failed, with deliberate indifference, to properly train, supervise, and

discipline Detective Granger with respect to his police powers to search properties. The failure to

train, supervise and discipline Detective Granger and other officers of the Lancaster County

Drug Task Force and the County of Lancaster caused the constitutional violations alleged in this

Complaint. This conduct is part of a custom, policy, and/or practice and these customs, policies

or practices caused the violations of Plaintiff's rights.

37.     At all relevant times, the actions taken by the Defendants deprived Plaintiff of his

constitutional and statutory rights.

38.    As a direct result of the aforementioned misconduct, Plaintiff lost his job at Yale Electrical Supply at which he was working as a delivery driver full time at a pay rate of $12.50/hr. Plaintiff has been unable to find new employment.

39.    As a further direct result of the aforementioned misconduct, Plaintiff has in the past and will in the future experience mental anguish, emotional suffering, and other non-economic losses and will continue to suffer same for an indefinite period of time, perhaps permanently.

40.    As a further direct result of the aforementioned misconduct, Plaintiff has been unable to pursue his usual occupations, activities and pleasures of daily living, has, or may have, suffered a loss and depreciation of his earning power and earning capacity, which may be permanent, as well as other damages which may be revealed during the course of discovery and/or at trial, all of which may be permanent.

41.    As a further direct result of the aforementioned occurrence, Plaintiff has incurred and may hereinafter incur financial expenses, including costs for attorney fees and court costs, for which he is entitled to recover.

### IV.    CAUSES OF ACTION

### COUNT I
**Malicious Prosecution**
*Plaintiff vs. All Defendants*

42.    Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

43.    At the time of Defendants' investigation, search, charges, and imprisonment, Plaintiff had not committed any infraction to so legally justify the Defendants' actions.

44.     Defendants' actions stated above, *inter alia*, were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

45.     Defendants caused Plaintiff to suffer a malicious prosecution by their wrongful conduct in subjecting Plaintiff to an illegal search and seizure and false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, as well as state law.

46.     Defendants instituted criminal action against Plaintiff by way of arresting Plaintiff on false grounds.

47.     Plaintiff was seized at the time he was arrested and was incarcerated.

48.     Defendants did not have probable nor any cause to accuse Plaintiff of the criminal acts, to search the apartment, arrest Plaintiff, or charge Plaintiff.

49.     The criminal action terminated in Plaintiff's favor.

50.     Defendants were in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as common law.

WHEREFORE, Plaintiff demands Judgment against Defendants, their agents, servants, workmen and employees, individually, jointly and/or severally, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, punitive and compensatory damages, together with interest and costs and such other and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT II
### *Monell*
*Plaintiff vs. Lancaster County Drug Task Force & County of Lancaster*

51.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

52.     Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons on parole, which caused violations of Plaintiff's constitutional and other rights.

53.     The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

54.     It was the policy and/or custom of the Lancaster County Drug Task Force and the County of Lancaster to inadequately supervise and train its officers, including the Defendant Detective, thereby failing to adequately discourage further constitutional violations on the part of its agents. Defendants did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct.

55.     As a result of the above described policies and customs, Lancaster County Drug Task Force and the County of Lancaster officers, including the Defendant Detective, believed that their actions would not be investigated or sanctioned, but would be tolerated.

56.     As a result of the above actions, Plaintiff suffered the damages as aforesaid.

WHEREFORE, Plaintiff demands Judgment against Defendants, their agents, servants, workmen and employees, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, punitive and compensatory damages, together with interest and costs and such other and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

WEISBERG LAW

_____
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Lazaro DeJesus                      :
422 Reynolds Ave.                   :
Lancaster, PA 19602                 :        NO.: 5:16-cv-04745
                                    :
                Plaintiff,          :
        v.                          :
                                    :
State Parole Agent Paul Wehrman,    :
Individually                        :
1101 South Front Street, Suite 5950 :
Harrisburg, PA  17104               :        **JURY OF TWELVE (12) DEMANDED**
                                    :
                Defendants.         :

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 23rd day of November, 2016,

a true and correct copy of the foregoing First Amended Civil Action Complaint was served via

regular mail upon the following parties:

Timothy P. Keating, Esq.
State Parole Board
1101 S. Front Street
Harrisburg, PA 17103

Christine E. Munion, Esq.
Law Offices William J. Ferren & Associates
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422

David J. MacMain, Esq.
Megan K. Kampf, Esq.
The MacMain Law Group, LLC
101 Lindenwood Dr., Suite 160
Malvern, PA 19355

                                        **WEISBERG LAW**

                                        _____
                                        Matthew B. Weisberg, Esq.
                                        Attorney for Plaintiffs