IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lazaro DeJesus | : |
| | : |
| v. | : No.: 5:16-cv-04745 |
| | : |
| | : Jury Trial Demanded |
| Detective Todd Grager, et. al. | : |

**DEFENDANT TODD GRAGER'S BRIEF IN SUPPORT OF IT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Todd Grager, by and through counsel, William J. Ferren and Associates, files this Motion to Dismiss Plaintiff's Amended Complaint as to Defendant Grager, and in support thereof states as follows:

## A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record." Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). In

determining whether or not a motion to dismiss should be granted, a district court must accept as true the factual allegations in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). However, the Court need not accept a complaint's bald assertions, subjective characterizations, or legal conclusions when deciding a motion to dismiss. Evancho v. Fischer, 423 F.3d 347, 351 (3d Cir. 2005). The Court should grant the motion to dismiss if "no relief could be granted under any set of facts which could be proved." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

## B. ARGUMENT

### 1. Plaintiff has failed to properly set forth a Malicious Prosecution Cause of Action against Defendant Todd Grager and therefore he should be dismissed from this action

A party bringing a malicious prosecution claim relating to a criminal prosecution must demonstrate:

1. that the defendant initiated criminal proceedings;
2. that the criminal proceedings ended in plaintiff's favor;
3. that the proceedings were initiated without probable cause; and
4. the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice.

> Kelly v. General Teamsters Chauffers and Helpers Union, 249, 518 Pa. 517, 520-21, 544 A.2d 940, 941 (1988); Hilferty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996).

To establish a §1983 claim for malicious prosecution, plaintiff must establish the elements of the common law tort as well as a violation of the Fourth Amendment. See Albright v. Oliver, 510 U.S. 266, 271 (1994). To the extent the Court determines that the arrest was initiated with probable cause, (prong number 3), then the malicious prosecution claim must fail. Id. See Donahue v. Gavin, 280 F.3d 371, 379 (3d Cir. 2002). Probable cause exists if the facts and circumstances which are within the knowledge of the police at the time of the arrest are sufficient to warrant a man of reasonable caution in the belief that a suspect has committed a crime. Com. v. Kaznor, 410 A.2d 822, 824 (Pa. Super. 1979); Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995); Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997); Rogers v. Powell, 120 F. 3d 446, 452 (3d Cir. 1997).

Testimony from one witness who a police officer finds credible can be sufficient to establish probable cause; an officer is not required to undertake an intensive investigation and interview other witnesses. Merkle v. Upper Dublin School District, 211 F.3d 782 (3d Cir. 2000).

> *Merkle* also contends that Hahn [the police officer] lacked probable cause because he failed to interview other witnesses…or Merkle herself, prior to making the arrest. However, <u>Hahn had every reason to believe a credible report from a school principal who witnessed the alleged crime</u>. This report alone sufficiently establishes probable cause. Hahn was not required to undertake an exhaustive investigation in order to validate the probable cause that, in his mind, already existed.

Id. at 790 n. 8 (citations omitted)(emphasis added).

In fact, it is quite common for police officers to rely upon the testimony of the victim alone in establishing probable cause. Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997); Wilson v. Russo, 212 F.2d 781 (3d Cir. 2000); *see also* Clay v. Conlee, 815 F.2d 1164 (8th Cir. 1987)(arrest based on testimony of rape victim upheld).

The legality of a seizure based solely on statements issued by fellow officers depends upon whether the officers making the statements possess probable cause to make the arrest. Rogers, *Supra*, 120 F. 3d 446 at 453. A seizure based on such statements is lawful "only if the statements made by fellow officers are supported by actual facts that satisfy the probable cause standard in United States v. Hensley, 469 U.S. 221, 105 S. Ct. 675, 83 L.Ed.2d 604 (1985)

Detective Grager had probable cause to arrest Mr. Dejesus because Grager's conversations with the State Parole Agents in addition to the actual drugs being found at this location supplied him with the "facts and circumstances" necessary to support his finding of probable cause to arrest Dejesus. Furthermore, there has been no evidence brought forth to indicate that Detective Grager acted maliciously or for a purpose other than bringing the plaintiff to justice. The State Parole Agents found illegal substances in a home they believed Plaintiff leased. As a result they called Detective Grager to report their finding and he made the arrest. Thus, prong four of malicious prosecution has not been established. Plaintiff's malicious prosecution claim must be dismissed.

WHEREFORE, Plaintiff has failed to set forth a malicious prosecution cause of action against Defendant Grager and he should be dismissed from this matter with prejudice.

## 2. Defendant Grager is entitled to Qualified Immunity

In <u>Saucier v. Katz</u>, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the Supreme Court established a two-part test to determine whether a defendant is entitled to qualified immunity. First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" <u>Id</u>. at 201. If no constitutional right was violated, "the qualified immunity inquiry is at an end; the officer is entitled to immunity." <u>Bennett v. Murphy</u>, 274 F.3d 133, 136 (3d Cir.2002). If, however, the facts read in the light most favorable to the plaintiff show a violation of a constitutional right, the analysis proceeds to the second step: "whether the right was clearly established ... in light of the specific context of the case, not as a broad general proposition." <u>Saucier</u>, 533 U.S. at 201. A right is clearly established in the particular context if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Id</u>. at 202. However, if it was not clear "to a reasonable officer what the law required under the facts alleged, then he is entitled to qualified immunity." <u>Kopec v. Tate</u>, 361 F.3d 772 at 776 (3d Cir. 2004).

As argued above, Defendant had probable cause to arrest Mr. Dejesus and therefore did not violate Plaintiff's constitutional rights. Therefore, Officer Grager is entitled to qualified immunity. However, even if this Honorable Court

determines that Plaintiff has alleged sufficient facts to constitute a constitutional violation on the part of Defendant Grager, he is entitled to qualified immunity under the second qualified immunity test. The facts as alleged in Plaintiff's Amended Complaint do not establish that it would be clear to a reasonable officer that Detective Grager's conduct was unlawful in the situation he confronted. Saucier, *Supra* 533 U.S. at 202. To the contrary, the facts as alleged in Plaintiff's Amended Complaint make it abundantly clear that Detective Grager's action were at all times reasonable. Detective Grager received a telephone call from the State Parole Agent informing him that drugs were found in an apartment. Detective Grager gained consent from the apartment owner to enter the premises and he subsequently made an arrest because drugs were found. As he asserted in the original Complaint, Plaintiff asserts in his Amended Complaint that Ms. Miranda's consent to search her apartment was not voluntary. This assertion is of no moment regarding whether Detective Grager's actions were reasonable, since he was already apprised that drugs were present by a fellow law enforcement officer. Lastly, Lancaster County Court of Common Pleas Judge Wright concluded that Detective Grager played no role in the initial search of Ms. Miranda's apartment. See page 10 of Exhibit "A" of Plaintiff's Complaint.

WHEREFORE, Defendant Grager is entitled to qualified immunity and

should be dismissed from this matter with prejudice.

        Respectfully submitted,

        WILLIAM J. FERREN & ASSOCIATES

By:     */s/ Christine E. Munion*
        Christine E. Munion, Esquire
        10 Sentry Parkway, Suite 301
        Blue Bell, PA 19422
        Attorney I.D. No.: 42724
        (215) 274-1731
        cmunion@travelers.com
        Attorney for Defendant Todd Grager