## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lazaro DeJesus | : | |
| 422 Reynolds Ave. | : | |
| Lancaster, PA 19602 | : | NO.: 5:16-cv-04745 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| State Parole Agent Paul Wehrman, | : | |
| Individually | : | |
| 1101 South Front Street, Suite 5950 | : | |
| Harrisburg, PA  17104 | : | **JURY OF TWELVE (12) DEMANDED** |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

AND NOW this _____ day of _____, 2017, upon consideration of

Defendants' Motion for Judgment on the Pleadings, and Plaintiff's Response in Opposition

thereto, it is hereby ORDERED and DECREED that Defendants' Motion is DENIED.

**AND IT IS SO ORDERED.**


_____

Joseph F. Lesson, Jr.                         ,J.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lazaro DeJesus | : | |
| 422 Reynolds Ave. | : | |
| Lancaster, PA 19602 | : | NO.: 5:16-cv-04745 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| State Parole Agent Paul Wehrman, | : | |
| Individually | : | |
| 1101 South Front Street, Suite 5950 | : | |
| Harrisburg, PA  17104 | : | **JURY OF TWELVE (12) DEMANDED** |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff respectfully requests this Honorable Court deny Defendants' Motion for Judgment on the Pleadings.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Lazaro DeJesus | : | |
| 422 Reynolds Ave. | : | |
| Lancaster, PA 19602 | : | NO.: 5:16-cv-04745 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| State Parole Agent Paul Wehrman, | : | |
| Individually | : | |
| 1101 South Front Street, Suite 5950 | : | |
| Harrisburg, PA  17104 | : | **JURY OF TWELVE (12) DEMANDED** |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.     Standard**

Plaintiff incorporates by reference the "standard" set forth in Plaintiff's response in

opposition to Co-Defendant's Motion to Dismiss: a Motion for Judgment on the Pleadings

applies the same standard as upon 12(b)(6).

**II.    Argument**

A.     *Probable Cause*

Incorporating by reference Plaintiff's contemporaneously pending response in opposition

to Co-Defendant's Motion to Dismiss (as regards to probable cause), Plaintiff respectfully

requests this instant Movants-Defendants' Motion as to probable cause be denied for those same

reasons.

Movants cite Bell v. City of Philadelphia, 629 Fed. App'x 214, 215 (C.A.3 2015) for the

proposition that an illegal search and false arrest is not inconsistent with the finding of a probable

cause.  Notably, Bell is a non-precedential opinion.

Towards <u>Bell</u>, Movants conflate the present with the <u>Bell</u> *trial* credibility fact-finding.

Said differently, the claimed "evidence" is instantly inadmissible as "fruit of the poisonous tree" – and cannot show probable cause.

B.     *Malicious Prosecution*[1]

Incorporating by reference Plaintiff's contemporaneously pending response in opposition to Co-Defendant's Motion to Dismiss, Plaintiff supplements:

The crux of instant Defendants' malicious prosecution defense is that Co-Defendant, Grager initiated the prosecution.

However, the First Amended Complaint ("FAC") recites Movants' involvement leading up to that arrest.

That is, merely because Movants were not the charging officers does not mean that they could not have caused the initiation of Grager's prosecution – which the FAC details.  <u>Bristow v. Clevenger</u>, 80 F.Supp.2d 421, 432-433 (M.D.Pa. 2000); *see generally*, <u>Morales v. Busbee</u>, 972 F.Supp. 254, 265-266 (D.N.J. 1997); <u>Landrigan v. City of Warwick</u>, 628 F.2d 736, 745 (C.A.1 1980) (internal quotation omitted) ("a person has the right to be free from malicious prosecution by others acting under 'color of law' and violations under 42 U.S.C. § 1983"); <u>Ayala v. KC Environmental Health</u>, 426 F.Supp.2d 1070, 1099 (E.D.Ca. 2006) (initiation of prosecution element satisfied if a Defendant" …was "actively instrumental in initiating the criminal charges against Plaintiffs.").

By pointing the finger at Shrager, Movants are not immune from the initiation of prosecution element by their active involvement.

---

[1] While Movants do not argue, it is notable that *malice* for "malicious" prosecution is a term of art akin to *actual malice* in defamation-the absence of probable cause. <u>Sykes v. Anderson</u>, 625 F.3d 294 (C.A.6 2010).

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Defendants'

Motion for Judgment on the Pleadings.


**WEISBERG LAW**


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Lazaro DeJesus      :
422 Reynolds Ave.     :
Lancaster, PA 19602    :  NO.: 5:16-cv-04745
            :
      Plaintiff,  :
   v.        :
            :
State Parole Agent Paul Wehrman, :
Individually       :
1101 South Front Street, Suite 5950 :
Harrisburg, PA  17104    :  **JURY OF TWELVE (12) DEMANDED**
            :
      Defendants. :

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew B. Weisberg, Esquire, hereby certify that on this 22nd day of March, 2017, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings and Memorandum of Law in Support Thereof were served via ECF, upon the following parties:

Timothy P. Keating, Esq.
State Parole Board
1101 S. Front Street
Harrisburg, PA 17103

Christine E. Munion, Esq.
Law Offices William J. Ferren & Associates
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422

David J. MacMain, Esq.
Megan K. Kampf, Esq.
The MacMain Law Group, LLC
101 Lindenwood Dr., Suite 160
Malvern, PA 19355

**WEISBERG LAW**


<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esquire
Attorney for Plaintiff